IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| ROBERT GRIZZLE #1998719 | § | |
| VS. | § | CIVIL ACTION NO. 6:21cv447 |
| STACIE MCCOLLUM, et al. | § | |

REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE

Plaintiff, an inmate of the Texas Department of Criminal Justice (TDCJ) proceeding *pro se*, filed this civil rights lawsuit pursuant to 42 U.S.C. § 1983 alleging violations of his civil rights in the Skyview Unit. The case was referred to the undersigned for findings of fact, conclusions of law, and recommendations for the disposition of the case.

**I. Background**

Plaintiff sues several nurses and other staff members in the Skyview Unit, where he stayed for several days in March 2021 for inpatient crisis management after expressing homicidal thoughts. While he was at Skyview, Plaintiff alleges that he told the Defendants that he had been raped weeks earlier by his cellmate in the Telford Unit. Plaintiff says the Defendants laughed at him, called his report "nonsense," and refused to do the "paperwork" associated with a prisoner's rape. He claims the Defendants' actions violated PREA—the Prison Rape Elimination Act, 42 U.S.C. §§ 15601, et seq. (Dkt. #17.)

By separate order, the Court has ordered service upon the Defendants to allow Plaintiff's claims of deliberate indifference to his serious medical and mental health needs while he was at Skyview to proceed.

## II. Legal Standards and Preliminary Screening

Plaintiff's complaint is subject to screening under 28 U.S.C. §§ 1915A(b) and 1915(e)(2)(B). Those statutes provide for *sua sponte* dismissal of a prisoner's complaint if the Court finds it frivolous or malicious, if it fails to state a claim upon which relief can be granted, or if it seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous if it lacks an arguable basis in law or fact. *Samford v. Dretke*, 562 F.3d 674, 678 (5th Cir. 2009). The Fifth Circuit has held that a complaint lacks an arguable basis in fact when "the facts alleged are fantastic or delusional scenarios or the legal theory upon which a complaint relies is indisputably meritless." *Id*. (quoting *Harris v. Hegmann*, 198 F.3d 153, 156 (5th Cir. 1999) (internal quotation marks omitted)). In other words, during the initial screening under section 1915A, a court may determine that a prisoner's complaint is frivolous if it rests upon delusional scenarios or baseless facts—and dismiss the complaint. *See Henry v. Kerr County, Texas*, 2016 WL 2344231 *3 (W.D. Tex. May 2, 2016) ("A court may dismiss a claim as factually frivolous only if the facts alleged are clearly baseless, fanciful, fantastic, delusional, or otherwise rise to the level of the irrational or the wholly incredible, regardless of whether there are judicially noticeable facts available to contradict them.") (citing *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992)).

Moreover, a complaint fails to state a claim upon which relief may be granted where it does not allege sufficient facts which, taken as true, state a claim which is plausible on its face and thus does not raise a right to relief above the speculative level. *See Montoya v. FedEx Ground Packaging Sys. Inc.*, 614 F.3d 145, 149 (5th Cir. 2010) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). A claim has factual plausibility when the pleaded factual content allows the court to draw reasonable inferences that the defendant is liable for the misconduct alleged. *See*

2

*Hershey v. Energy Transfer Partners, L.P.*, 610 F.3d 239, 245 (5th Cir. 2010); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). This plausibility standard is not akin to a probability standard; rather, the plausibility standard requires *more than the mere possibility* that the defendant has acted unlawfully. *Twombly*, 550 U.S. at 556.

All well-pleaded facts are taken as true, but the district court need not accept as true conclusory allegations, unwarranted factual inferences, or legal conclusions. *See Whatley v. Coffin*, 496 F. App'x 414 (5th Cir. 2012) (unpublished) (citing *Plotkin v. IP Axess Inc.*, 407 F.3d 690, 696 (5th Cir. 2005)). Crucially, while the federal pleading rules do not require "detailed factual allegations," the rule does "demand more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. A pleading offering "labels and conclusions" or a "formulaic recitation of the elements of a cause of action" will not suffice, nor does a complaint which provides only naked assertions that are devoid of further factual enhancement. *Id.*

**III. Discussion and Analysis**

As mentioned above, the Court is requiring Defendants to respond to Plaintiff's deliberate indifference claims against them. Plaintiff's PREA claim and any claim about a failure to investigate or discipline his alleged rapist, however, require separate consideration.

Any claim based on PREA is legally unfounded, because PREA does not create a private cause of action for victims of prison rape. *Krieg v. Steele*, 599 F. App'x 231, 233 (5th Cir. 2015) (affirming dismissal of prisoner's lawsuit because "any claim raised under the PREA is properly dismissed as frivolous").

Accordingly, Plaintiff's complaints about the failure to do appropriate "paperwork" or otherwise take action against his alleged attacker is only viable if Plaintiff had some constitutional right to have his alleged attacker investigated, prosecuted, or otherwise disciplined. That right does

not exist. Citizens do not have any constitutional right to have another individual investigated, disciplined or prosecuted. *Oliver v. Jackson Corr. Ctr.*, No. 3:12-CV-2660, 2013 WL 596155, at *3 (W.D. La. Jan. 22, 2013), *report and recommendation adopted*, No. 3:12-CV-2660, 2013 WL 596153 (W.D. La. Feb. 15, 2013) (citing *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973), and *United States v. Batchelder*, 442 U.S. 114, 124 (1979)); *see also Williams v. Washington*, No. 96 C 0704, 1997 WL 201579, at *3 (N.D. Ill. Apr. 16, 1997) ("Williams had no legal right to have the correctional officers punished, or to have an investigation conducted."). Accordingly, any claim premised on Defendants' failure to take some action necessary to facilitate such discipline or prosecution fails to state a claim for a constitutional violation.

One might construe Plaintiff's amended complaint to suggest that Defendants had some duty under prison rules or regulations to record or relay his report, but "the failure . . . to follow rules and regulations does not, alone, establish deliberate indifference ." *Solis v. Barber*, No. 3:20-CV-00765-E (BT), 2021 WL 3434991, at *3 (N.D. Tex. June 30, 2021), *report and recommendation adopted*, No. 3:20-CV-00765-E (BT), 2021 WL 3419703 (N.D. Tex. Aug. 5, 2021).

Accordingly, even assuming the truth of Plaintiff's allegations, which the Court must do at this stage, he does not state a claim under either PREA or the Constitution arising from the failure to take any administrative or disciplinary action concerning his reported rape.

**IV. Conclusion**

For the reasons set forth above, Plaintiff's amended complaint fails to state a claim upon which relief can be granted for violation of PREA or failure to investigate or discipline his alleged rapist.

4

## RECOMMENDATION

Accordingly, the undersigned recommends that Plaintiff's claims for violating PREA or for failure to investigate and discipline another inmate be dismissed pursuant to 28 U.S.C. §§ 1915A(b) and 1915(e)(2)(B).

Within fourteen (14) days after receipt of the Magistrate Judge's Report, any party may serve and file written objections to the findings and recommendations contained in the Report.

A party's failure to file written objections to the findings, conclusions and recommendations contained in this Report within fourteen days after being served with a copy shall bar that party from *de novo* review by the district judge of those findings, conclusions and recommendations and, except on grounds of plain error, from appellate review of unobjected-to factual findings and legal conclusions accepted and adopted by the district court. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*).

So ORDERED and SIGNED this 18th day of January, 2023.

_____
K. NICOLE MITCHELL
UNITED STATES MAGISTRATE JUDGE